**The People of the State of Illinois, ex rel. etc., Appellants, v. Texas Special Drainage District et al., Appellees.**

1. CONTRACTS—*what void as against public policy.* An official body vested by statute with discretionary powers, has no right to contract to exercise such discretion in a particular manner.

2. MANDAMUS—*when lies against drainage commissioners.* The statute makes it the duty of drainage commissioners to provide outlets of ample capacity and proper construction for waters of the district. Such duty is mandatory, and the performance thereof may be enforced by *mandamus.* In the performance of such duty the commissioners have discretionary power to determine the system of drainage and outlets to be adopted and the location of drains and the details of the work, and, ordinarily, the courts will not interfere with such discretion. Where, however, it is clear that such discretion has not been properly exercised, but on the contrary, grossly abused, the courts may by *mandamus,* upon a proper showing, exercise that character of discretion which the commissioners should and have failed to exercise.

THIRD DISTRICT—MARCH, 1912.    631

People v. Texas Special Drainage District, 168 Ill. App. 630.

3. MANDAMUS—*what essential to petition where specific mandate to drainage commissioners required.* Where a specific mandate directing drainage commissioners to exercise a certain character of discretion is sought, the allegations of the petition should be specific as to the nature of the drainage, the quantity of water, and other details.

*Mandamus.* Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 15, 1912.

LIVINGSTON & BACH, for appellants.

E. B. MITCHELL, FRED BALL, B. F. SHIPLEY, M. J. HINCHCLIFF, JOHN FULLER and HERRICK & HERRICK, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The Circuit Court sustained a general demurrer to the petition for *mandamus* hereinafter substantially set forth, and upon the petitioner electing to abide thereby, dismissed such petition and rendered judgment against the petitioner in bar of action and for costs. From such judgment said petitioner has perfected an appeal to this court, contending that said petition is sufficient in law to warrant the issuing of the writ as prayed.

The petition, in substance, alleges that the relatrix is the owner of certain described premises included within the Texas Special Drainage District, consisting of about 1,000 acres, which premises are subject to assessments that may hereafter be levied for the construction and maintenance of the drainage improvement of said district. It further alleges the organization and confirmation of said district; that the signers of the petition for the organization thereof were T. C. Grady, H. P. Grady, W. G. Phares, who are the only present commissioners of the district, and defendants in this action, R. B. Mayall, a former commissioner,

Oscar M. Phares, a brother of said W. G. Phares, Lida Zigler, and Emma Ray; that the plan and purpose of said commissioners is to construct a drainage ditch to carry off water from an area of 6,000 acres; that in order to make the improvement of value to the lands of the petitioner, the said drainage ditch must be an open ditch, and that it is impracticable to construct a tile drain; that a tile drain will not afford the relief to the land contemplated, and that the expenditure of moneys for the construction of a tile drain would be wasteful; that the commissioners selected one Bell, a competent civil engineer, to design and plan said work; that said Bell recommended an open ditch; that the commissioners, in accordance with said recommendation and report of said civil engineer, then and there decided to construct an open drainage ditch; but thereafter, notwithstanding their action in that regard, with knowledge that the efficient and proper method of constructing said proposed improvement would be the construction of an open ditch, and that a tile drain would be inefficient and that the expenditure of money therefor would be wasteful, said commissioners, contrary to their honest and impartial discretion in said matter, and for the purpose of avoiding litigation, pending and threatened, against their title as commissioners, and to escape the possibility of being obliged to pay certain court costs and expenses to which they were then subject, fraudulently entered into a written contract with certain landowners in said district, which said contract is set out verbatim in the petition, and recites, in substance, that whereas there was an election contest pending in the County Court to which said commissioners were defendants; and whereas a *quo warranto* proceeding to test the validity and organization of the said drainage district, in the Circuit Court of said county, was also pending, as well as an action on the case for damages on account of alleged filling in of a certain ditch in said alleged

drainage district; and whereas, there had been con-
siderable controversy in the past in regard to whether
an open ditch was required or whether it was prac-
ticable to tile the land in said district; and whereas,
the parties to said agreement were desirous of settling
the matter of a system of drainage, and all other
controversies between them so as to avoid further
litigation, costs and expenses, and desired that said
system be constructed at the lowest minimum cost,
in consideration of the premises it was thereby agreed
by and between the parties whose names were signed
to said contract, as landowners, and the said drainage
commissioners: *First,* that the system of drainage
in said district should be a tile drain or drains of
sufficient capacity to take care of and properly drain
the lands in said district, provided, however, that if
said commissioners and the engineer for said drainage
district should thereafter determine that it was more
practicable to construct an open ditch as an outlet
for said drainage system, on, in and through a certain
described portion of said district, they might so con-
struct said portion of said drainage district, without
violating said agreement; *second,* that the then present
drainage commissioners, W. G. Phares, T. C. Grady
and Hiram Grady, should continue to act as such
commissioners, and that said election contest, *quo war-
ranto* proceedings and damage suit should be dis-
missed; *third,* that the classification for assessments
in said drainage district should first be made by three
disinterested persons not the owners of land included
in said district, as then constituted, but residing and
owning land in the counties of Mason or DeWitt, Illi-
nois, not related to any of the landowners or parties
in interest in said district, by consanguinity or other-
wise, who were to be selected one by said drainage
commissioners, one by the other parties to the agree-
ment, and the third by the two thus selected; that the
classification as made by these three men should be

634    APPELLATE COURTS OF ILLINOIS.

People v. Texas Special Drainage District, 168 Ill. App. 630.

adopted by the said commissioners and the assessments in said district should be based thereon; *fourth,* that the said commissioners should employ one Hicks as an engineer to survey and superintend the construction of said drainage system,—provided, that if the said commissioners deemed it wise and profitable, they might employ some other competent civil engineer to assist the said Hicks in the surveying and superintending the construction and installing of said drainage; *fifth,* that thereafter Fred Ball, Herrick & Herrick, John Fuller, M. J. Hinchcliff, B. F. Shipley and E. B. Mitchell should be employed by said drainage commissioners, as attorneys for said drainage district; *sixth,* that thereafter should any person or persons institute any legal or chancery proceedings of any kind against said commissioners or test or question the validity of said drainage district, or that was inconsistent with the execution or carrying into effect of such agreement, the parties to said agreement should lend their support and assistance in causing said lands to be drained as nearly as practicable by the system of drainage therein provided. The petition further alleges that by virtue of said contract, the commissioners, for various benefits to be derived by them, had contracted to exercise their discretion and power in determining the method and construction of said improvement, which contract, if carried out, would be directly in conflict with the disinterested discretion and judgment of said commissioners and in violation thereof, to the permanent injury and irreparable loss to the petitioner and other landowners, in the district; that the commissioners in consequence thereof, were incapable of exercising a disinterested, honest, impartial and unprejudiced discretion, and that it was impossible for said commissioners to exercise discretion in determining whether said improvement should be by open ditch or tile drain without being influenced, constrained and impelled to follow

the obligations imposed by said contract. The petition further alleges that the commissioners threatened and intended to and would carry out the provisions of said fraudulent and improper contract, and let contracts for tile drains, and refused and would refuse to exercise their true, impartial and disinterested judgment and discretion as to the method of said improvement, by means whereof petitioner was denied her legal rights. The petition is verified and prays for a writ of *mandamus* commanding the said district and commissioners "to abandon the said contract, and to order that the proper construction of said drainage improvement for said drainage district, is the construction of an open ditch of sufficient depth and width to drain the surplus water from all the land in said district," and that said district "construct an open ditch of sufficient depth and width to drain said water accordingly."

The only question presented for our determination is whether or not the petition in question is sufficient in law to require the defendants to answer the same. That the contract set out therein is illegal and void seems too clear to warrant discussion. An official body vested by the statute with discretionary powers, has no right to contract to exercise such discretion in a particular manner. The agreement set out in the petition was not only *ultra vires* but in violation of the oaths of the commissioners and contrary to public policy. It was null and void and unenforceable. While the petition does not allege that the commissioners had acted under such contract, it does aver that they threaten and intend to immediately carry out the provisions of the same. For the purposes of the demurrer such allegation must be taken as true.

The statute makes it the duty of the commissioners to provide outlets of ample capacity and proper construction for waters of the district. Such duty is mandatory, and the performance thereof may be en-

forced by *mandamus*. Langen v. Dr. Dist., 239 Ill. 430. In the performance of such duty, however, the commissioners have discretionary power to determine the system of drainage and outlets to be adopted and the location of drains and the details of the work, and, ordinarily, the courts will not interfere with such discretionary power. Where, as in the present case, it is clear that such discretion has not been properly exercised, but on the contrary, grossly abused, the courts may by *mandamus*, upon a proper showing, exercise that character of discretion which the commissioners should and have failed to exercise.

We are of opinion, however, that the allegations of the present petition are not sufficiently specific as to the nature of the drainage, the quantity of water, and other details, to enable the court to intelligently exercise the discretion devolving upon it. We are not prepared to hold, for this reason, that the petition was sufficient to warrant a *mandamus* compelling the commissioners to construct an open ditch instead of installing a system of tile drainage. It cannot be conclusively presumed from the mere fact that the commissioners have illegally contracted to adopt the latter system of drainage, that the former is the better and proper. The question must be determined from a consideration of all the facts essential to such determination.

The statute contemplates that in the performance of the general duty specified therein, the commissioners should exercise their impartial, disinterested, unbiased judgment. Under the averments of the petition, this they have failed to do. They have therefore failed to perform their primary general duty. We are of opinion that the allegations of the petition were sufficient, if established by the proper degree of proof, to warrant the court in issuing a writ commanding the defendant commissioners to proceed forthwith to provide within their district outlets of ample capacity and proper construction for the waters of such district,

independently of and without regard to any agreements or obligations attempted to be imposed upon them by the terms of said void contract, and prohibiting and enjoining them from further acting thereunder or in conformity thereto. It follows that the petition was not obnoxious to the general demurrer and that the court erred in sustaining the same.

The judgment of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*